48444. STATE OF GEORGIA v. CHILES.

STOLZ, Judge. The State of Georgia appeals from an order issued

by the Superior Court of Muscogee County restraining the suspension of appellee Chiles' driver's license.

The record discloses that a copy of Chiles' complaint was directed to be served on the Director of the Department of Public Safety. On the date set by the superior court for the matter to be heard, the State of Georgia did not appear by counsel or otherwise. *Held:*

1. Before a valid judgment can be rendered against the State of Georgia it must affirmatively appear as a matter of record "either (a) that the Attorney General was given five days advance written notice by the adverse party, or his attorney, . . . or (b) that the Attorney General, or an Assistant Attorney General, was present in person at such trial, . . . or (c) that the Attorney General or an Assistant Attorney General has, in writing, waived such notice." Code Ann. § 3-116 (Ga. L. 1956, p. 625). The record in this case is silent as to notice to the Attorney General or a waiver thereof and affirmatively shows that the State of Georgia was not represented by counsel at the hearing.

2. The State of Georgia is not a proper party to an action contesting the suspension of driving privileges. See Code Ann. § 92A-602 (Ga. L. 1951, pp. 565, 567; 1956, pp. 543, 547).

No action can be maintained against the State of Georgia without its prior consent or a constitutional provision. *McCoy v. Sanders,* 113 Ga. App. 565, 570 (148 SE2d 902) and cits.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 4, 1973 — DECIDED
SEPTEMBER 14, 1973.

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General, B. Dean Grindle, Deputy Assistant Attorney General,* for appellant.