## A91A0692. BOWMAN v. PARROTT.
(408 SE2d 115)

POPE, Judge.

This appeal arises from the trial court's decision overturning the third suspension of Petitioner/appellee Timothy Dean Parrott's Georgia driver's license by Respondent/appellant Ronald L. Bowman, Commissioner of the Georgia Department of Public Safety (Commissioner). Pursuant to OCGA § 40-5-57, the Commissioner suspended Parrott's Georgia driver's license three times during the period from November 1986 to June 1989. OCGA § 40-5-57 establishes a "point system" for moving violations of traffic regulations governing motor vehicles. That statute requires the Commissioner to "suspend the driver's license of any person who has accumulated a violation point count of 15 or more points in any consecutive 24 month period, as measured from the dates of previous arrests for which convictions were obtained to the date of the most current arrest for which a conviction is obtained." OCGA § 40-5-57 (c) (1) (B). The initial suspen-

---

[1] *Bearden v. Georgia*, 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983).

sion of Parrott's driver's license in November 1986 is not contested in this case. The second and third suspensions of Parrott's driver's license resulted from the accumulation of 32 points during the 24-month period beginning on March 3, 1987. The second suspension occurred on June 3, 1989. The third suspension occurred on June 10, 1989. Parrott appealed the third suspension of his driver's license to the Superior Court of Fulton County pursuant to OCGA § 40-5-66.

In his brief in support of his appeal, Parrott argued inter alia that because OCGA § 40-5-57 (c) (1) (B) contemplates that a driver could accumulate more than the minimum 15 points required for suspension of a driver's license during a 24-month period, that statute only provides for one suspension for any violations occurring within the same 24-month period. Without holding a hearing or other proceeding, the superior court issued an order adopting the interpretation of OCGA § 40-5-57 (c) (1) (B) urged by Parrott and overturning the Commissioner's third suspension of Parrott's driver's license. This court granted the application for discretionary review of the superior court's order filed by the Commissioner.

1. We disagree with the superior court's interpretation of OCGA § 40-5-57 (c) (1) (B). In order to determine the intent of the Georgia legislature when it enacted that statute, the statutory scheme governing driver's license revocation must be considered as a whole. *Hardison v. Booker*, 179 Ga. App. 693 (4) (347 SE2d 681) (1986). In June 1989, when the Commissioner issued the second and third suspensions of Parrott's driver's license, a related statute, OCGA § 40-5-57.1 (a),[1] provided for the periods of suspension of a Georgia driver's license for accumulation of the "requisite points," i.e., 15 or more points. That statute states in pertinent part that when a driver has been assessed the requisite points three times during a five-year period, which period shall be "measured from the dates of previous arrests for which convictions were obtained to the date of the most current arrest for which a conviction is obtained, such person shall be considered a habitual violator, and his license shall be revoked as provided for in paragraph (1) of subsection (a) of Code Section 40-5-62 [five years from the date the person surrenders his driver's license after conviction of the offense for which the person is declared a habitual offender]." OCGA § 40-5-57.1 (a) (3).

The revocation period for a third assessment is two years longer than the revocation period established for the second assessment of the requisite points. OCGA § 40-5-57.1 (a) (2) and (3). Thus, OCGA § 40-5-57.1 (a) (3) not only clearly contemplates that a driver's license

---

[1] Ga. L. 1990, p. 2048, § 4 repealed OCGA § 40-5-57.1 and redesignated its provisions as subsections (d), (e) and (f) of OCGA § 40-5-57, effective January 1, 1991.

can be suspended at least three times during a five-year period, but establishes a longer period of revocation for the third assessment of the requisite points. Under the trial court's interpretation of OCGA § 40-5-57 (c) (1) (B), the provisions of OCGA § 40-5-57.1 (a) (3) would be rendered moot. It would be impossible for any driver to have his license suspended more than twice during a five-year (60-month) period if all points assessed during any 24-month period could only result in one suspension.

When the language in question is construed in light of the statutory scheme of license suspension as a whole, it is clear that the Georgia legislature simply intended to establish a minimum number of points that a driver had to accumulate during a 24-month period before his driver's license could be suspended. Any other interpretation of OCGA § 40-5-57 (c) (1) (B) would not only render certain related statutes moot, but would be contrary to the Georgia legislature's express purpose underlying the statutory scheme of license suspension and revocation of removing dangerous and negligent drivers from the highways of the State. OCGA § 40-5-57 (a). A person who is assessed with more than 30 points for moving violations of the laws governing motor vehicles poses no less a danger on the State highways simply because he accumulated all of those points within the same 24-month period.

2. In his remaining enumeration, the Commissioner contends that the superior court erred in failing to conduct a hearing or otherwise affording the Commissioner an opportunity to be heard prior to entry of judgment. OCGA § 9-10-2 provides as follows: "Any verdict, decision, judgment, decree, order, ruling, or other judicial action by any court in this state in any matter in which this state or an official of this state in his official capacity is a party defendant, intervenor, respondent, appellee, or plaintiff in fi. fa. shall be void unless it affirmatively appears as a matter of record either: (1) That the Attorney General was given five days' advance written notice by the adverse party or his attorney of the time set for the particular trial, hearing, or other proceeding as a result of which the verdict, decision, judgment, decree, order, ruling, or other judicial action was entered; or (2) That the Attorney General or an assistant attorney general was present in person at the trial, hearing, or other proceeding; or (3) That the Attorney General or an assistant attorney general has, in writing, waived the notice." (Indentions omitted.)

The record reveals that the superior court did not conduct a hearing or other proceeding before issuing its final order in this case. OCGA § 40-5-66 provides for appeals from the decisions of the Department of Public Safety by the aggrieved person. That statute contemplates that the superior court shall conduct a de novo hearing before entering its order concerning that matter. OCGA § 5-3-29,

which sets forth the scope of de novo investigations by the superior court on appeals, provides that "[e]ither party is entitled to be heard on the whole merits of the case." Although the superior court is not required to conduct a hearing concerning the merits of the Department of Public Safety's decision to revoke the license of the aggrieved party if the parties waive their right to be heard, the superior court cannot avoid the dictates of OCGA §§ 5-3-29 and 9-10-2 by simply failing to hold a hearing. See generally *Cofer v. Williams*, 141 Ga. App. 72 (232 SE2d 610) (1977); *State v. Chiles*, 129 Ga. App. 645 (200 SE2d 501) (1973). For the foregoing reasons, the judgment of the superior court in this case is not sustainable. This case is remanded to the superior court for further consideration consistent with this opinion.

*Judgment reversed and case remanded with direction. Birdsong, P. J., and Cooper, J., concur.*

Decided May 23, 1991 —
Reconsideration denied July 11, 1991 — 

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Eddie Snelling, Jr., Neal B. Childers, Assistant Attorneys General*, for appellant.
*Janet G. Scott*, for appellee.